UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALGON CARBON CORPORATION,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>TOWN OF ONTARIO, NEW YORK; ROBERT WYKLE, as SUPERINTENDENT OF ONTARIO WATER UTILITIES DEPARTMENT; and TROJAN TECHNOLOGIES, INC.,<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 01-CV-6411 T(F)<br>consolidated with 02-CV-6596 L(B) |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Calgon Carbon Corporation ("Calgon Carbon"), for its Amended Complaint against Defendant Town of Ontario, New York ("Ontario"), Defendant Robert Wykle ("Wykle"), in his capacity of Superintendent of Ontario Water Utilities Department, and Defendant Trojan Technologies, Inc. ("Trojan"), (collectively referred to herein as "Defendants"), alleges as follows:

### JURISDICTION AND THE PARTIES

1.  Plaintiff Calgon Carbon is a Pennsylvania corporation with a principal place of business located at 400 Calgon Carbon Drive, P.O. Box 717, Pittsburgh, Pennsylvania 15230-0717.

2. On information and belief, Defendant Ontario is a municipality of the State of New York.

3. On information and belief, Defendant Ontario operates a water treatment plant under the management and control of Defendant Superintendent Robert Wykle, located in Ontario, New York, 14519.

4. On information and belief, Defendant Trojan is a Canadian corporation with its principal place of business located in London, Ontario, Canada.

5. On information and belief, Defendant Trojan designs, manufactures, uses, sells, offers for sale, and imports into the United States equipment that provides ultraviolet ("UV") light for the disinfection of drinking water, wastewater, and other applications.

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code § 1, *et seq*, including 35 U.S.C. § 271 and 281.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400.

## NATURE OF THE ACTION

9. Plaintiff Calgon Carbon is the owner by assignment of all right, title and interest in and to United States Patent No. 6,129,893 ("the '893 patent"), entitled "Method for Preventing Replication In Cryptosporidium Parvum Using Ultraviolet Light," which was duly and lawfully issued by the United States Patent and Trademark office ("PTO") on October 10, 2000. A copy of the '893 patent is attached hereto as Exhibit A.

10. Plaintiff Calgon Carbon is the owner by assignment of all right, title and interest in and to United States Patent No. 6,565,803 ("the '803 patent"), entitled "Method for the Inactivation of Cryptosporidium Parvum Using Ultraviolet Light," which was duly and lawfully issued by the United States Patent and Trademark Office "PTO") on May 20, 2003. A copy of the '803 patent is attached as Exhibit B.

11. On information and belief, Defendant Trojan has made, used, sold, offered for sale and imported into the United States ultraviolet disinfection equipment, including equipment imported and sold to Defendant Ontario.

12. On information and belief, third-party customers of Defendant Trojan have used such equipment in the United States to irradiate and disinfect water with ultraviolet light in a manner that has infringed and continues to infringe at least claim 1 of the '893 and '803 patents, with full knowledge, awareness and approval of Defendant Trojan. On information and belief, at least Defendant Ontario's treatment of water in such manner has occurred in this judicial district.

13. On information and belief, Defendant Ontario and Defendant Wykle have installed ultraviolet light ("UV") disinfection equipment at Defendant Ontario's water treatment plant and have used such equipment to irradiate water with ultraviolet light in a manner that has infringed and continues to infringe at least Claim 1 of the '893 and '803 patents. On information and belief, Defendant Ontario's treatment of water in such manner has occurred at least in this judicial district.

## COUNT I - PATENT INFRINGEMENT

14. Plaintiff Calgon Carbon repeats and realleges the allegations of paragraphs 1-13 as though fully set forth herein.

15. On information and belief, Defendants have infringed and continue to infringe at least claim 1 of the '893 and '803 patents, at least in this judicial district, by their use of UV disinfection equipment to irradiate water with ultraviolet light, which embodies the subject matter disclosed and claims in said patent.

16. On information and belief, Defendants' infringement of the '893 and '803 patents has been and continues to be deliberate, willful, and with full knowledge and awareness of the '893 and '803 patents.

17. Defendants' acts have caused, and unless restrained and enjoined will continue to cause, irreparable injury and damages to Plaintiff Calgon Carbon for which Calgon Carbon has no adequate remedy at law.

## COUNT II - CONTRIBUTORY PATENT INFRINGEMENT

18. Plaintiff Calgon Carbon repeats and realleges the allegations of paragraphs 1 through 17 as though fully set forth herein.

19. On information and belief, Defendant Trojan has contributed to the infringement of the '893 and '803 patents by third parties by at least making, selling, offering for sale, and importing into the Unites States UV disinfection equipment that customers of Trojan, including Defendant Ontario, have used in a manner that has infringed and continues to infringe at least claim 1 of the '893 and '803 patents.

20. On information and belief, Defendant Trojan's contributory infringement of the '893 and '803 patents has been and continues to be deliberate, willful, and with full knowledge and awareness of the '893 and '803 patents.

21. Defendant Trojan's acts have caused, and unless restrained and enjoined will continue to cause, irreparable injury and damage to Plaintiff Calgon Carbon, for which Calgon Carbon has no adequate remedy at law.

### COUNT III - INDUCED PATENT INFRINGEMENT

22. Plaintiff Calgon Carbon repeats the allegations of paragraphs 1 through 16 as though full set forth herein.

23. On information and belief, Defendant Trojan has actively induced the infringement of the '893 and '803 patents by third parties by at least making, selling, offering for sale, and importing into the United States UV disinfection equipment that customers of Trojan, including Defendant Ontario, have used in a manner that has infringed and continues to infringe at least claim 1 of the '893 and '803 patents.

24. On information and belief, Defendant Trojan's active inducement of infringement of the '893 and '803 patents has been and continues to be deliberate, willful, and with full knowledge and awareness of the '893 and '803 patents.

25. Defendant Trojan's acts have caused, and unless restrained and enjoined, will continue to cause irreparable injury and damage to Plaintiff Calgon Carbon, for which Calgon Carbon has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Calgon Carbon prays for relief as follows:

1. That Defendants be permanently enjoined and restrained from using any method of water treatment within the scope of the claims of the '893 and '803 patents, or from otherwise infringing, contributing to, or inducing infringement of the claims of such patents.

2. That pursuant to 35 U.S.C. § 284, Plaintiff Calgon Carbon be awarded damages adequate to compensate Plaintiff Calgon Carbon for infringement of the claims of the '893 and '803 patents, but in no event less than a reasonable royalty, together with prejudgment interest.

3. That pursuant to 35 U.S.C. § 284, Plaintiff Calgon Carbon be awarded increased damages in the amount of three times the amount found or assessed for the deliberate and willful nature of Defendants' infringing activities.

4. That pursuant to 35 U.S.C. § 285, Plaintiff Calgon Carbon be awarded its costs, disbursements and attorneys' fees in preparing for and pursuing this action.

5. That Plaintiff Calgon Carbon by awarded all such other and further relief as the Court deems equitable, just and proper.

Respectfully submitted,

Date: November 18, 2004

/s/ Paul F. Keneally
Paul F. Keneally
UNDERBERG & KESSLER
1800 Chase Square
Rochester, New York 14604
(716) 258-2800

Attorney for Plaintiff

1-PA/3514584.1

Of Counsel:

Victor N. Balancia
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 739-3000

James S. McDonald
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
(650) 843-4000